UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

        - v. -

EDGAR SANCHEZ-MANZANAREZ,

                      Defendant.
------------------------------------------------------------X

11 Cr. 795 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

## I. Background

On February 14, 2012, the Government filed a motion for reconsideration of the Court's February 2, 2012 Opinion and Order (the "Opinion") denying Defendant Edgar Sanchez-Manzanarez's (the "Defendant's") motion to suppress physical evidence and granting his motion to suppress his post-arrest statements.[1] The Government requests that the Defendant's motion to suppress his post-arrest statement be denied, or, in the alternative, that the Court reopen the suppression hearing to permit the interpreter who the agents testified read the Defendant his Miranda rights, to testify. (Gov.'s Mem. in Supp. of Mot. for Reconsideration ("Gov.'s Mem.") at 1.) On February 28, 2012, the Defendant submitted a memorandum of law in opposition to the Government's motion for reconsideration, and on March 8, 2012, the Government filed a reply.

For the reasons set forth below, the Government's motion for reconsideration is denied. The Court will, however, reopen the suppression hearing in order to permit the interpreter to testify.

## II. Motion to Reconsider

Reconsideration of a previous order by a court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In

---

[1] For a detailed summary of the relevant facts in this case, see the Court's Opinion and Order of February 2, 2012. (ECF No. 19.)

1

re Health Mgmt. Sys., Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992).

None of the grounds justifying reconsideration apply in this case. The Government cites no intervening change in law, nor does it submit any newly discovered evidence. Instead, it bases its motion for reconsideration on the claim that the Court "overlooked" certain evidence presented at the suppression hearing, specifically (1) testimony from Agent Harris that after the Defendant had been read his Miranda warnings, he "agreed to speak to" the agents (Transcript of Dec. 7, 2011 Suppression Hearing ("Tr.") at 28), and (2) testimony from Agent Wood that the agents only began questioning the Defendant "[a]fter [he] acknowledged to the translator what we were informed was his willingness to speak with us" (Tr. at 78). (Gov.'s Mem. at 3.) However, the cited portion of Agent Wood's testimony was quoted in the Court's opinion, (see Opinion at 14 n.13), and while the Court did not specifically discuss the particular portion of Agent Harris's testimony cited by the Government, this is because Harris's testimony does not demonstrate that the Defendant understood his Miranda rights.

As stated previously by the Court, the Government has the "burden of demonstrating that the Defendant's waiver of his Miranda rights was knowing and voluntary," and in order to carry this burden, the Government must demonstrate that "the accused understood these rights." (Id. at 13 (quoting Berghuis v. Thompkins, 130 S. Ct. 2250, 2261).) Testimony that the Defendant "'agreed' and expressed his willingness to speak with the agents after being advised of his

2

Miranda rights," (Gov.'s Mem. at 3), is *not* sufficient to demonstrate that he acknowledged understanding his rights and knowingly and voluntarily waived them.[2]

The Government misinterprets the Court's statement on page 14 of the Opinion that "neither of the agents could testify as to what the Defendant said in response to each of [the Miranda] warnings." The Court was not holding that such testimony by the agents was inadmissible, rather, the Court was simply pointing out that there is no testimony in the record indicating the manner in which the Defendant responded to each of the individual warnings he was given, as neither of the agents provided such testimony at the suppression hearing.

### III. Motion to Reopen Suppression Hearing

A district court has broad discretion to permit the Government to introduce new evidence on a motion for reconsideration, "in the interests of justice." United States v. Bayless, 201 F.3d 116, 132 (2d Cir. 2000). The Second Circuit has advised that "vague notions of unfairness, that the government should not have 'two bites' off the same apple, ought not control" this decision. Id. (quoting United States v. Tucker, 380 F.2d 206, 214 (2d Cir. 1967)). "A defendant is entitled to have evidence suppressed only if it was obtained unconstitutionally. If matters appearing later indicate that no constitutional violation occurred, society's interest in admitting all relevant evidence militates strongly in favor of permitting reconsideration." In re Terrorist Bombings of U.S. Embassy in East Africa, 552 F.3d 177, 197 (2d Cir. 2008) (citation and quotation marks omitted). Thus, in the exercise of its discretion, and in light of the totality of the circumstances, the Court will reopen the suppression hearing in order to allow the interpreter to testify.

### IV. Conclusion

---

[2] Testimony that the Defendant answered affirmatively to the question "are you willing to answer some questions," after being read his Miranda rights, is similarly unpersuasive. Furthermore, the fact that Defendant did not submit an affidavit in this case is of no moment, as it is the Government's burden to prove that a knowing and voluntary waiver was made.

3

For the foregoing reasons, the Defendant's motion to reconsider is denied. The Court, however, will reopen the suppression hearing in order to allow the interpreter who the agents testified read the Defendant his <u>Miranda</u> rights, to testify. The hearing will take place on Wednesday, March 14, 2012 at 3 p.m.

IT IS SO ORDERED.

Dated: New York, New York
      March 9, 2012

                                                    Robert P. Patterson, Jr.
                                                          U.S.D.J.

**Copies of this order were faxed to:**

*Counsel for Defendant:*
Laura Grossfield Birger
Cooley LLP
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 479-6000
Fax: (212) 479-6275

*The Government:*
Niketh Velamoor
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
Tel: (212) 637-1076
Fax: (212) 637-2620
Email: niketh.velamoor@usdoj.gov